## COLUMBUS (City), Plaintiff-Appellant v. COHEN, Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 3645. Decided October 8, 1943.

John L. Davies, city attorney, Columbus, and Charles R. Petree, police prosecutor, Columbus, for plaintiff-appellant.

Paul C. Hicks, Columbus, for defendant-appellee.

## OPINION

By BARNES, P. J.

The above-entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio. The case originated in the Municipal Court of Columbus, Franklin County, wherein an affidavit was filed against the defendant Cohen, charging that on the 28th. day of January, 1943, he "did unlawfully set on foot a certain scheme of chance and exposed for sale certain chances upon a lottery or drawing based upon the rate sheet of the New York Exchange of Stocks and Bond House, whereby the payer selecting a certain number to be determined by the rule of said lottery or drawing received a certain sum of money, contrary to the ordinance of said city."

The defendant entered a plea of not guilty and was tried before one of the Municipal Judges of said city. After the closing of the testimony and the argument of counsel the Court took the case under advisement and later made a finding that the defendant was guilty and imposed a fine and imprisonment.

Motion for new trial was duly filed and overruled, after which the case was carried to the Common Pleas Court on appeal. The case was submitted in the Common Pleas Court on the record made in the Municipal Court and therein the judgment of the Municipal Court was reversed and the defendant discharged. The city in due time, acting under authority of §13459-14 and §13459-1 GC et seq., gave notice of appeal, whereby the case was lodged in our Court.

Counsel for plaintiff-appellant state three separately numbered assignments of error. These may be summarized under the single claim that the action of the Common Pleas Court in reversing the Municipal Court was unwarranted under the state of the record.

We have before us a transcript of the evidence taken in the Municipal Court, which was filed in the Common Pleas Court in the form of a bill of exceptions; we also have transcript of docket and journal entries and briefs of counsel. The bill of exceptions is very short, containing the testimony of only two witnesses, together with two exhibits.

The defendant, while present in court with his counsel, did not testify. The only witness called upon the part of the prosecution was David H. Bluff, a police officer belonging to the vice squad and who made the arrest. The defendant's place of business was located at 8 North High Street and for many years has been a news stand where newspapers and magazines are sold. Specifically it is claimed that defendant was engaged in what is commonly known as "writing numbers." The police officer in substance testified that on the 20th day of January, 1943, he entered plaintiff's place of business and found him at a pin-ball machine located in the rear of the room, with a cab driver across the machine from him, and the defendant was writing in a pad or book which the officer took from defendant and immediately arrested him. The book was placed in evidence and special reference was made to the page of the book in which the defendant was writing. The officer further testified that the book was such as is commonly used by people engaged in what is referred to as "the number racket." The officer further testified as to the technique used in writing numbers, together with the meaning of certain printed insignia on each page. This particular book contained some fifty pages, forty-three of which were filled out and according to the officer was the record of prior number transactions with the dates and the initial of the person with whom the transaction was had, and also the amount of money paid in with the particular three numbers selected by the customer, plus the total. This book was in manifold form so that by the use of a carbon, a copy could be given to the customer.

It is further testified to that the particular page of the book on which the defendant was writing immediately pre-

ceding his arrest had not been completed. It did contain, however, some twelve selected numbers with the price opposite each, but had not been completed at the time of the arrest. The officer did not and could not identify the cab driver, but no money changed hands in the presence of the officer. The defendant called a cab driver by the name of White, who testified that he was in the defendant's place of business immediately preceding the arrest, but that he had not negotiated for the purchase of any numbers, nor did he pay any money to the defendant. According to the testimony of this witness he was in defendant's place of business for the purpose of procuring change which he needed in his occupation as a cab driver. He did not get any change. This witness, however, apparently was familiar with the number racket, since he identified the book introduced in evidence as a tablet used for writing numbers.

For many years it has been our observation that frequently police officers are too quick in making arrests where the exercise of better judgment would prompt them to make their case ironclad in delaying their arrest until such time as more evidence would be presented. Very generally officers are inclined to arrest when they have a fixed conviction of defendant's guilt without considering whether or not they have sufficient evidence. Such a procedure would do away with long drawn out trials and reviews in upper courts.

The fact that the Common Pleas Court reversed at once establishes the fact that the case at best is close.

We have carefully read and re-read the testimony presented through the bill of exceptions. It is our conclusion that the evidence is adequate to support the conviction. Years ago it was not proper in a jury case for the state to make any reference to the fact that a defendant failed to go on the stand and testify.

That rule has been changed and now the prosecuting attorney may comment on such failure. The only inference arising from this change in the law is that a court or jury may take into consideration such failure. If it was the contention of defendant that the exhibts in question were anything different from what the officer testified, he could have gone on the stand and made explanation. We are constrained to the view that the Common Pleas Court was in error in reversing the trial court. We, therefore, reverse the

judgment and affirm the judgment of the Municipal Court. Costs in our Court will be adjudged against the defendant-appellee. Cause remanded for collection of costs and further proceedings according to law.

HORNBECK and GEIGER, JJ., concur.